IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No.: <u>6:20-621</u> |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PETERSON JEAN-BAPTISTE | ) |

### SENTENCING MEMORANDUM

The Government presents the following memorandum dealing with Defendant's objections and urges this Court to impose a significant sentence to deter and punish Defendant for his egregious conduct with minors.

### Legal Analysis

As noted in the PSR, USSG § 2G2.1 (sexually exploiting a minor) was ultimately used for the Guideline calculation because USSG § 2G2.2 (trafficking in material involving sexual exploitation), the guideline typically used to calculate child pornography possession/distribution offenses, directs use of § 2G2.1 because the offense involved offering or seeking a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. USSG § 2G2.2(c)(1)(cross reference). But the cross reference is only applied if the resulting offense level is greater than what §2G2.2 would yield. The fact that the cross reference to § 2G2.1 carries a base offense level of 32 before applying specific offense characteristics necessitates that in almost every case the resulting total offense level will be higher than § 2G2.2 and its base offense level of 18. Jean-Baptiste does not object to use of the cross reference and it clearly applies in this case.

I.    **The offense involved sadistic or masochistic conduct.**

Jean-Baptiste inflicted mental cruelty by demanding that the victims commit sexual acts with which they were uncomfortable—including sexually interacting with a dog. (PSR ¶¶19 & 21)  The Government has reviewed the video with the dog, and the victim appears distraught.  In United States v. Bleau, 930 F.3d 35, 41-42 (2d Cir. 2019) the Second Circuit upheld use of the enhancement when "the videos 'depict a child between the ages of 12 and 14 ... being mentally degraded and humiliated and harmed'" by being coerced to use sex toys and the child's appearance was one of Angst.  The Government can think of few things more degrading to a young child than being coerced to have sexual interaction with the family dog for Defendant's self-gratification and upon threat that your pornographic images will be shared on the Internet.  Such is sadistic conduct.

The Government understands that the typical enhancement for sadistic conduct involves the infliction of pain (such as when an adult male penetrates a child) or use of bondage techniques (such as restraints or ropes).  However, Bleau properly includes mental degradation and humiliation.  Based on Bleau, this Court has solid reasons for imposing the enhancement.

II.    **The offense involved distribution.**

Under USSG § 2G2.1, distribution is defined as "any act . . . related to the transfer of material involving the sexual exploitation of a minor." USSG 2G2.1, cmt. 1. It is undisputed that Defendant sent child pornography images to the victim to persuade her to continue to perform for him.  This conduct fits squarely within the broad definition of distribution as found in the commentary.  See United States v. Hernandez, 894 F.3d 1104, 1107 (9th Cir. 2018) (holding that the "distribution" enhancement is broad enough to encompass the transfer of illicit pornographic

2

images solely to the victim or victims depicted in the images themselves).[1]

### III.     Final Guideline Calculation

Under 2G2.1, Defendant has a total offense level of 40.  Were he to have success with the objections discussed above, the total offense level would be reduced by 6 levels to 34 and result in a range of 262 to 327 months based on a criminal history category of IV.  Because the statutory maximum is 240 months, the Guidelines would become 240 months.  (The Government does not address the objection to the 2-level increase for use of a computer because the enhancement unquestionably applies and Defendant's objection is more properly considered as a motion for a variance.  In any event, even if the Court removed the enhancement, the range would be 168 to 210).

Defendant has requested that this Court vary from the Guidelines.  The Government leaves this matter to the Court's good judgment.  The Government believes that if the Court does vary, it should impose a significant sentence of no less than 120 to 180 months based on the egregious conduct.  Defendant targeted children, enticed and coerced them to produce child pornography, threatened to post the images on the Internet if they did not produce more, and degraded victims by forcing them to engage in bestiality.  While the PSR focuses on Victim One and Two, the PSR notes that "defendant would regularly FaceTime call young girls and have them film their bodies while he watched, usually only showing his forehead or part of his face.  On multiple occasions, he had the girls interact sexually with their pet dogs." PSR ¶ 16.  Hence, Defendant did not just make a mistake with one or two minors, but engaged in a pattern of predation that must be punished.

---

[1] Defendant couches the objection in terms of the 5-level enhancement of USSG § 2G2.2.  But since all parties agree that because of the cross reference USSG § 2G2.1 is the appropriate Guideline, the objection is really to the 2-level distribution in USSG § 2G2.1.

**Conclusion**

For the foregoing reasons the Probation Office properly calculated the Guideline range. This Court should impose a significant sentence to punish and deter Defendant.

Respectfully submitted,

ADAIR F. BOROUGHS
United States Attorney

By:    s/ William J. Watkins, Jr.
       WILLIAM J. WATKINS, JR.
       Assistant United States Attorney
       Federal I.D. No: 7863
       55 Beattie Place, Suite 700
       Greenville, South Carolina 29601
       864-282-2100